510 So.2d 335 (1987)
Jonathan WILLIAMSON, Appellant,
v.
STATE of Florida, Appellee.
No. 85-2537.
District Court of Appeal of Florida, Fourth District.
July 8, 1987.
Rehearing Denied August 19, 1987.
*336 Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Jr., Atty. Gen., Tallahassee, and Robert L. Teitler, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Jonathan Williamson appeals from his conviction and sentence for aggravated battery of a law enforcement officer, attempted vehicular homicide, aggravated assault on a law enforcement officer, grand theft auto, and false imprisonment.
The chain of events which led to those convictions commenced in Detroit where Williamson stole a car and headed for Florida. On the way he picked up a young female hitchhiker. After Williamson stopped a police officer in Stuart to get directions, the police officer checked the car's license plate and discovered it was stolen. This check ultimately resulted in the commencement of a high speed chase down the turnpike involving Williamson, two state troopers and the police officer. During the chase Williamson crashed his car into the side of one of the troopers' cars and narrowly missed the other trooper's car on another occasion. The young hitchhiker who was with Williamson was screaming at him to let her out of the vehicle during the chase. He finally slowed down to let her out. The troopers continued chasing appellant until they finally ran out of gas. The police officer continued until he found Williamson's car abandoned by the side of the road. Williamson *337 was found later in some nearby woods.
Williamson was charged with three counts of attempted first degree murder, one count of grand theft auto by possession of stolen property and one count of kidnapping and was tried in a non-jury trial, after having signed a written waiver of his right to jury trial. However, this document was not filed until after the appellant's brief in this case was filed. Although Williamson raised the issue of his knowing waiver of jury trial in his brief, at oral argument this issue was conceded based on the late filed but appropriate waiver of jury trial.
At the close of the State's case as well as at the close of all the evidence Williamson made and renewed his motion for judgment of acquittal which was denied. The trial judge then found Williamson guilty as set forth above. A motion for new trial was filed and denied.
In sentencing Williamson the trial court departed from the guidelines sentence by finding that Williamson was a habitual offender under Section 775.084, Florida Statutes (1985). The reasons for departure were Williamson's four prior felony convictions within the past five years; the offenses which resulted in convictions in this case; and the need to protect the public from further criminal activity by the appellant. From the conviction and sentence, Williamson has appealed.
Williamson contends that his conviction of attempted vehicular homicide should be vacated because there is no such crime. We agree. "[T]here can be no intent to commit an unlawful act when the underlying conduct constitutes culpable negligence." Taylor v. State, 444 So.2d 931, 934 (Fla. 1983). Since the negligence required to support a conviction of vehicular homicide is of a lesser degree than that of culpable negligence, McCreary v. State, 371 So.2d 1024 (Fla. 1979), there also can be no intent to commit an unlawful act which requires only recklessness. Although a specific intent need not be shown to convict of an attempt where only a general intent is required to commit the completed offense, State v. Overfelt, 457 So.2d 1385 (Fla. 1984), an attempt must involve at least some type of intent to commit the offense. Thus, it follows that there can be no attempt to commit an offense which is based solely on negligent conduct.
Conviction of a nonexistent crime is fundamental error. Overfelt v. State, 434 So.2d 945 (Fla. 4th DCA 1983), rev'd in part on other grounds, 457 So.2d 1385 (Fla. 1984). Therefore, Williamson's conviction and sentence for attempted vehicular homicide must be vacated.
Williamson also contends that the trial court erred in entering his judgment convicting Williamson of false imprisonment when the charge in the indictment was for kidnapping. He argues that false imprisonment is not a lesser-included offense of kidnapping. This court has held that, despite its inclusion in the criminal jury instructions as a lesser-included offense, false imprisonment is not in fact a lesser-included offense of kidnapping. In Rauso v. State, 425 So.2d 618, 620 (Fla. 4th DCA 1983), this court reasoned that:
To prove kidnapping it is necessary to introduce evidence of specific intent in one of four enumerated categories. To prove false imprisonment it is necessary to prove the existence of "any purpose other than those" four. Unless this is substantially equivalent to a provision that intent is not a necessary element of the crime of false imprisonment then the test is not met. A more logical interpretation is that scienter is an essential element of the crime of false imprisonment. Accepting that premise an intent (other than Section 787.01(a) motives) must be alleged in the accusatory pleading and proven at trial beyond a reasonable doubt in order to convict a person of false imprisonment. We accept this construction of the statute.
(Emphasis added.) Contra Cabe v. State, 408 So.2d 694 (Fla. 1st DCA 1982), rev. denied, 435 So.2d 821 (Fla. 1983); Mills v. State, 407 So.2d 218 (Fla. 3d DCA 1981).
The state contends, however, that this matter has not been preserved for *338 appellate review. We disagree. This was a non-jury trial. There were no jury charges to be reviewed upon which the appellant could have objected to this lesser-included charge. Although the prosecutor mentioned false imprisonment in his argument, the appellant's counsel neither relied on the lesser-included offense in her argument to the court, nor evidenced in any way an invitation to the court to consider it as a lesser charge. The counsel's argument was simply that her client was not guilty of any charge.
In Ray v. State, 403 So.2d 956 (Fla. 1981), the court held that a conviction based upon erroneous jury instructions could be a denial of due process. However, even though it is a constitutional error, it may be waived by the defendant's failure to timely object to the charge. Nevertheless in Ray, where the record was silent as to who requested the jury charge and whether Ray's counsel depended on the charge in his argument, the court held that Ray had not waived his constitutional right for the jury to be properly charged. In this case where defense counsel was not presented with a jury charge to object to, nor did the court invite counsel to object to any of the lesser-included offenses he was considering, the mere silence in the face of the prosecutor's argument to the court cannot be considered as a waiver sufficient under Ray to forego his constitutional right of due process. We therefore reverse the defendant's conviction for false imprisonment.
Appellant also contends that, with regard to the aggravated battery conviction, the requirement of a touching or striking of the person has not been met, since appellant struck only the vehicle in which the trooper was riding and not the trooper's person. See § 784.03 and 784.045, Fla. Stat. (1985). Although a battery may be found as a result of the touching or striking of something other than the actual body of the person, that object must have such an intimate connection with the person as to be regarded as a part or extension of the person, such as clothing or an object held by the victim. See Malczewski v. State, 444 So.2d 1096 (Fla. 2d DCA 1984), appeal dismissed, 453 So.2d 44 (Fla. 1984).
The touching or striking in the present case was to the outer body of an automobile which Trooper Thomas was driving, with no direct impact upon or even injury to the trooper. In fact, the evidence shows that the trooper was not even jostled about in the car as a result of the impact. We conclude that as a matter of law the automobile in this case did not have such an intimate connection with the person of the trooper so as to conclude that a battery had occurred.
However, the evidence would support the offense of aggravated assault, which is also a lesser-included offense of the crime charged of attempted premeditated murder. Therefore, under the provisions of section 924.34, Florida Statutes (1985), we are authorized to reverse the judgment of the trial court as to the aggravated battery conviction with directions to enter judgment for the lesser-included offense of aggravated assault on that charge and to enter sentence accordingly. Woods v. State, 154 Fla. 203, 17 So.2d 112 (1944); Dean v. State, 406 So.2d 1162 (Fla. 2d DCA 1981), rev. denied, 413 So.2d 877 (Fla. 1982).
Williamson claims that the evidence was insufficient to support a finding of intent to do violence necessary for the conviction for aggravated assault. We disagree and find that there was competent substantial evidence to support the trial court's ruling. Although the trial court improperly let the troopers testify as to their opinions as to the appellant's intent, see Thomas v. State, 317 So.2d 450, 451-52 (Fla. 3d DCA 1975), cert. denied, 333 So.2d 465 (Fla. 1976); Farley v. State, 324 So.2d 662, 664 (Fla. 4th DCA 1975), cert. denied, 336 So.2d 1184 (Fla. 1976), this error was harmless in light of the other substantial evidence in the case and the fact that this was a nonjury trial. See Adan v. State, 453 So.2d 1195, 1197 n. 1 (Fla. 3d DCA 1984); Leeb v. Read, 190 So.2d 830 (Fla. 3d DCA 1966); Capitoli v. State, 175 So.2d 210, 213 n. 10 (Fla. 2d DCA 1965).
*339 Finally, Williamson challenges his sentence as a habitual offender, which is a departure from the guidelines sentence Williamson would otherwise receive. The supreme court recently held in Whitehead v. State, 498 So.2d 863 (Fla. 1986), that the habitual offender statute is not a basis for departure from the guidelines sentence, nor can it operate as an alternative to guidelines sentencing. Therefore, we remand for sentencing by the trial judge consistent with this opinion and Whitehead.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH DIRECTIONS.
ANSTEAD and GLICKSTEIN, JJ., and WARNER, MARTHA C., Associate Judge, concur.