533 So.2d 1169 (1988)
STATE of Florida, Petitioner,
v.
Russell SANBORN, Respondent.
No. 71416.
Supreme Court of Florida.
November 23, 1988.
Robert A. Butterworth, Atty. Gen. and Michael J. Neimand, Asst. Atty. Gen., Miami, for petitioner.
John H. Lipinski, Sp. Asst. Public Defender, Miami, for respondent.
OVERTON, Justice.
This is a petition to review the Third District Court of Appeal's decision Sanborn v. State, 513 So.2d 1380 (Fla. 3d DCA 1987), in which that court found false imprisonment is a necessarily lesser included *1170 offense of kidnapping, and in so doing acknowledged conflict with Williamson v. State, 510 So.2d 335 (Fla. 4th DCA 1987). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We approve the decision of the Third District in the instant case and disapprove Williamson.
The pertinent parts of section 787.01, Florida Statutes (1987), concerning the offense of kidnapping provide:
(1)(a) The term "kidnapping" means forcibly, secretly, or by threat confining, abducting, or imprisoning another person against his will and without lawful authority, with intent to:
1. Hold for ransom or reward or as a shield or hostage.
2. Commit or facilitate commission of any felony.
3. Inflict bodily harm upon or to terrorize the victim or another person.
4. Interfere with the performance of any governmental or political function.
The pertinent parts of section 787.02, Florida Statutes (1987), concerning false imprisonment similarly provide:
(1)(a) The term "false imprisonment" means forcibly, by threat, or secretly confining, abducting, imprisoning, or restraining another person without lawful authority and against his will with any purpose other than those referred to in s. 787.01.
The Florida Standard Jury Instructions in Criminal Cases list false imprisonment as a category one necessarily lesser included offense of the crime of kidnapping and require those instructions be given. See Fla.Std. Jury Instr. (Crim.) at 260. Accord Cabe v. State, 408 So.2d 694 (Fla. 1st DCA 1982), review denied, 435 So.2d 821 (Fla. 1983). A comparison of sections 787.01(1)(a) and 787.02(1)(a) reveals they are identical except for the question of intent. We find the general intent of section 787.02(1)(a)(false imprisonment) is included in the specific intent of section 787.01(1)(a)(kidnapping), consequently false imprisonment is a necessarily lesser included offense.
Accordingly, we find false imprisonment is a necessarily lesser included offense of the crime of kidnapping and approve the decision of the Third District in the instant case, while disapproving the decision of the Fourth District in Williamson.
It is so ordered.
EHRLICH, C.J., and McDONALD, BARKETT, GRIMES and KOGAN, JJ., concur.
SHAW, J., concurs in result only.