566 So.2d 881 (1990)
Rolando PEREZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 88-1507.
District Court of Appeal of Florida, Third District.
September 11, 1990.
*882 Bennett H. Brummer, Public Defender, and Robert Burke, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Richard L. Polin, Asst. Atty. Gen., for appellee.
Before NESBITT, COPE and GERSTEN, JJ.

ON MOTION FOR REHEARING
PER CURIAM.
Upon consideration of appellant's motion for rehearing and the response thereto, we withdraw the opinion dated June 19, 1990 and substitute the following:
Rolando Perez appeals his convictions and sentences for burglary, robbery, three counts of false imprisonment, and unlawful possession of a firearm while engaged in a criminal offense. We affirm in part and reverse in part.
Perez and a companion entered the home of the victims at gunpoint carrying a Valentine's day flower arrangement with a balloon. Perez held the ten year old daughter and housekeeper at gunpoint in the living room. When the mother attempted to come out of her bedroom, Perez' companion forced her back into the room, pushed her against the wall, pushed her to the floor, held the handgun against her head, and demanded money and jewelry. He also fired a shot while a foot or so away from her. Perez and his companion took a large amount of jewelry and left. Perez' fingerprints were found on the balloon.
Perez was charged and convicted of burglary, armed robbery, and unlawful possession of a firearm while engaged in a criminal offense. He was convicted of three counts of false imprisonment as lesser included offenses of kidnapping, and aggravated assault with a firearm as a lesser included offense of the charge of attempted first degree murder.
Perez contends that he is entitled to have a judgment of acquittal on the false imprisonment charges. He argues that while the evidence was sufficient to support a conviction of kidnapping, it cannot support a conviction of false imprisonment. Under section 787.01, Florida Statutes (1987):
The term "kidnapping" means forcibly, secretly, or by threat confining, abducting, or imprisoning another person against his will and without lawful authority, with intent to:
1. Hold for ransom or reward or as a shield or hostage.
2. Commit or facilitate commission of any felony.
3. Inflict bodily harm upon or to terrorize the victim or another person.
4. Interfere with the performance of any governmental or political function.
The false imprisonment statute, section 787.02, Florida Statutes (1987), provides, in part:
(1)(a) The term "false imprisonment" means forcibly, by threat, or secretly confining, abducting, imprisoning, or restraining another person without lawful authority and against his will with any purpose other than those referred to in s. 787.01.
Perez argues that in the present case such confinement as occurred was incident to the commission of the burglary and robbery, and is therefore by definition excluded *883 from the crime of false imprisonment as defined in the statute. While Perez' construction was formerly followed in the fourth district in Williamson v. State, 510 So.2d 335, 337 (Fla. 4th DCA 1987), the supreme court took a contrary view and overruled Williamson in State v. Sanborn, 533 So.2d 1169 (Fla. 1988). There the supreme court held that false imprisonment is a necessarily lesser included offense of kidnapping. Id. at 1170. Contrary to Perez' position, proof of the elements set forth in the kidnapping statute constitutes, under Sanborn, proof of the elements of false imprisonment.[1]
We next consider Perez' alternative contention that the false imprisonment convictions were subsumed in the convictions for burglary and robbery. Perez first points out that a conviction for kidnapping in the course of committing another felony can be sustained only if the test set forth in Faison v. State, 426 So.2d 963 (Fla. 1983) is satisfied:
[I]f a taking or confinement is alleged to have been done to facilitate the commission of another crime, to be kidnapping the resulting movement or confinement:
(a) Must not be slight, inconsequential and merely incidental to the other crime;
(b) Must not be of the kind inherent in the nature of the other crime; and
(c) Must have some significance independent of the other crime in that it makes the other crime substantially easier of commission or substantially lessens the risk of detection.
Id. at 965 (citation omitted). Perez argues that, since all of the conduct here at issue took place in conjunction with the home invasion robbery, and since false imprisonment was charged as a lesser included offense of kidnapping, it follows that the false imprisonment convictions can stand only if they also satisfy the Faison test and are not already inherent in the burglary and robbery charges. Faison has been applied to the crime of false imprisonment. See State v. Lindsey, 446 So.2d 1074, 1076 (Fla. 1984); Eisaman v. State, 440 So.2d 470, 472 (Fla. 5th DCA 1983).
In the present case, we conclude that the Faison test has been satisfied with respect to the daughter and housekeeper under the reasoning of Rodriguez v. State, 558 So.2d 211 (Fla. 3d DCA 1990) and Sanborn v. State, 513 So.2d 1380, 1381-82 (Fla. 3d DCA 1987), aff'd, 533 So.2d 1169 (Fla. 1988). The restraint was not slight, inconsequential, or merely incidental to the other crime, and was not inherent in the crime. It had independent significance as it made the robbery easier to commit and substantially lessened the risk of detection. We therefore affirm as to the false imprisonment of the daughter and the housekeeper.
We reach a different conclusion with respect to the mother. There the act of holding her at gunpoint in the bedroom while demanding money and jewelry was the same act constituting the robbery. As the nature of the confinement was also inherent in the other crime, the conviction of false imprisonment of the mother must be vacated.
Perez next contends that under Carawan v. State, 515 So.2d 161 (Fla. 1987), it was error to convict him of aggravated assault with a firearm.[2] Perez argues that the act constituting the aggravated assault with a firearm is the same act taken into account in the conviction for burglary of a structure. We disagree. Carawan "applies only to separate punishments arising from one act, not one transaction. An act is a discrete event arising from a single criminal intent, whereas a transaction is a related series of acts." 515 So.2d at 170 n. 8 (emphasis in original). Here, the aggravated assault was a lesser included offense of the charge of attempted first degree murder, based on the firing of the weapon at the mother during the course of the robbery. By contrast, the conviction of *884 burglary was enhanced to a first degree felony based on charges that Perez was armed and/or made an assault or battery on all of the three victims. See § 810.02(2), Fla. Stat. (1987). Numerous other acts of Perez support the burglary conviction, apart from the discharge of the firearm.
Perez also contends that we are obliged to vacate the aggravated assault conviction on the ground that it is subsumed within the conviction for armed robbery. Again, we disagree. In the present case Perez and the co-perpetrator entered the dwelling while the mother was in her bedroom. When she attempted to come into the living area, Perez' companion forced her back into the bedroom and pushed her against the wall. He then pushed her to the bedroom floor, placed a firearm against her forehead, and demanded money and jewelry. He also fired a shot while a foot or so away from her.
Perez and the co-perpetrator were charged with armed robbery. Robbery is defined as "the taking of money or other property ... from the person or custody of another when in the course of the taking there is the use of force, violence, assault, or putting in fear." § 812.13(1), Fla. Stat. (1987) (emphasis added). The robbery charge was enhanced to a first degree felony by reason of carrying a firearm. Id. § 812.13(2)(a).
Perez argues that the status of being armed is a "discrete event," including the firing of the single shot. Perez urges that there was only "a single criminal intent," that is, an intent to take the victim's property by force, violence, assault, or putting in fear. Perez has misstated the test: The inquiry is not one of intent, but rather, whether there were discrete acts as part of the criminal transaction. See 515 So.2d at 170 & n. 8. Carawan itself treated the discharge of a single shotgun blast as a discrete act. Id. at 170. As we understand Carawan, at the point that the handgun was fired at the victim, there was a discrete act apart from the other acts of threatening the victim with the firearm, pushing her against the wall, and pushing her to the floor.
Being armed is one thing; discharging the firearm is another matter entirely. The latter carries with it a higher degree of culpability than the former, and Carawan properly treats the matter as a separate act. Perez' reliance on Meadows v. State, 534 So.2d 1233 (Fla. 4th DCA 1988), Hogan v. State, 529 So.2d 1127 (Fla. 1st DCA 1988), and Wright v. State, 519 So.2d 1157 (Fla. 5th DCA 1988) is misplaced, for those cases involve single acts, not multiple acts, in the course of committing an armed robbery. Under Carawan, the separate conviction and sentence for aggravated assault with a firearm were proper.
Perez next contends that Carawan requires that the conviction for unlawful possession of a firearm while engaged in a criminal offense must be vacated. The State confesses error on this point and we agree. See Hall v. State, 517 So.2d 678, 679-80 (Fla. 1988).
As two of the convictions must be vacated, the case must be remanded for recalculation of the scoresheet and resentencing. In the present case the trial court orally announced reasons for imposition of a departure sentence, but no written departure order is contained in the record before us. Based on the Florida Supreme Court's recent opinion in Pope v. State, 561 So.2d 554 (Fla. 1990), the absence of a written departure order requires us to remand for resentencing within the guidelines. Id. at 556. We note that the sentencing in the present case occurred on May 12, 1988, which was before Pope was announced and before the announcement of the related decision in Ree v. State, 14 F.L.W. 565 (Fla. Nov. 16, 1989), opinion on rehearing, 565 So.2d 1329 (Fla. 1990).[3]Pope precludes a remand for entry of a written departure order. As we did in State v. Smith, 15 F.L.W. D1520 (Fla. 3d DCA June 5, 1990), review granted, No. 76,235 (Fla. July 5, 1990), we certify the following question of great public importance:

*885 Should Pope v. State be applied retroactively to sentences imposed prior to April 26, 1990?
We remand for resentencing within the guidelines.[4]
Finally, Perez contends, and the State apparently agrees, that there has been a miscalculation of the amount of credit Perez should receive for time served prior to sentencing. Perez' contention should be presented to the trial court at resentencing.
Affirmed in part, reversed in part, and remanded for resentencing.
NOTES
[1] At the charge conference, Perez was in agreement with the giving of charges on all of the lesser included offenses, including false imprisonment. See Ray v. State, 403 So.2d 956, 961 (Fla. 1981).
[2] The offenses occurred on February 13, 1987, prior to the effective date of chapter 88-131, Laws of Florida. See State v. Smith, 547 So.2d 613 (Fla. 1989).
[3] The opinion on rehearing indicates that Ree will apply prospectively only. 565 So.2d at 1330-1332.
[4] Perez suggests that under Bailey v. State, 559 So.2d 604 (Fla. 3d DCA 1990), we must review the oral reasons for departure at this time. Under Pope, decided after Bailey, the absence of written reasons ordinarily ends the inquiry. Without ruling on the point, we note that if the certified question is answered in the negative, it appears that a departure sentence might well be justified under Sans v. State, 528 So.2d 516 (Fla. 3d DCA 1988), which the instant case resembles, and possibly under other authorities.