PER CURIAM.
Defendant’s sentence must be reversed because the sentence was enhanced to eleven and one-half years incarceration without any written statement accompanying it explaining the upward departure from the permitted range of between four and one-half to seven years incarceration. Consequently, the defendant's sentence is reversed and the cause remanded for proper resentencing within the guidelines. Pope v. State, 561 So.2d 554 (Fla.1990); Guide v. State, 549 So.2d 1153 (Fla. 3d DCA 1989).
We note a discrepancy between the offense shown on the judgment and the offense shown on the scoresheet. Apparently, defendant’s aggravated assault conviction was enhanced to a second-degree felony by virtue of section 784.07, Florida Statutes (1988). We direct the trial court to correct the judgment at resentencing because of the apparent discrepancy between the judgment and the scoresheet.
It is unnecessary to reach the defendant’s claim that he was entitled to a new trial because the point was not preserved by objection in the trial court.
We certify the following question of great public importance:
SHOULD POPE V. STATE BE APPLIED RETROACTIVELY TO SENTENCES IMPOSED PRIOR TO APRIL 26, 1990?
State v. Smith, 15 F.L.W. D1520 (Fla. 3d DCA June 5, 1990), review granted, No. 76,235 (Fla. July 5, 1990).
Accordingly, the defendant’s conviction is affirmed, but his sentence is reversed and the cause is remanded for resentencing within the guidelines,