COPE, Judge
(specially concurring).
While I join the opinion of the court, this case again presents the question whether the decision in Pope v. State, 561 So.2d 554 (Fla.1990), is applicable to sentencing orders entered prior to its announcement on April 26, 1990. I would certify, as we have in the past, the following question as being of great public importance:
SHOULD POPE V. STATE BE APPLIED RETROACTIVELY TO SENTENCES IMPOSED PRIOR TO APRIL 26, 1990?
See Crenshaw v. State, 570 So.2d 349 (Fla. 3d DCA 1990); Fonseca v. State, 570 So.2d 424 (Fla. 3d DCA 1990); State v. Reliford, 568 So.2d 534 (Fla. 3d DCA 1990), review dismissed, 576 So.2d 290 (Fla.1991); Stennis v. State, 567 So.2d 1071 (Fla.3d DCA 1990); Perez v. State, 566 So.2d 881 (Fla. 3d DCA 1990); and State v. Whipple, 15 F.L.W. D1916 (Fla. 3d DCA July 24, 1990). It may be that the pendency of the certified question in the above cases in the Supreme Court of Florida will create a sufficient jurisdictional basis to permit review of this case, see The Florida Star v. B.J.F., 530 So.2d 286, 288 n. 3 (Fla.1988), but there is no sound reason to withhold certification in this case when we have certified the identical question in identical cases in the past. Certification obviates the need for jurisdictional briefs in the Supreme Court, Fla.R.App.P. 9.120(d), makes plain the question presented, and reveals (as is not now clear from the court’s opinion) that the case is in the identical situation as those previously certified. As the request for certification is fair and imminently reasonable, and as certification will assure consistent treatment while simplifying life for the litigants and the reviewing court, I would grant the request.