783 So.2d 967 (2001)
Johnnie Wilmer CLARK, Petitioner,
v.
STATE of Florida, Respondent.
No. SC00-43.
Supreme Court of Florida.
February 8, 2001.
Rehearing Denied April 24, 2001.
Nancy A. Daniels, Public Defender, and P. Douglas Brinkmeyer, Assistant Public Defender, Second Judicial Circuit, Tallahassee, FL, for Petitioner.
Robert A. Butterworth, Attorney General, James W. Rogers, Tallahassee Bureau Chief, Criminal Appeals, and Sherri Tolar Rollison, Assistant Attorney General, Tallahassee, FL, for Respondent.
HARDING, J.
We have for review the opinion in Clark v. State, 746 So.2d 1237 (Fla. 1st DCA 1999), which certified conflict with the opinion in Williamson v. State, 510 So.2d 335 (Fla. 4th DCA 1987), disapproved on other grounds, State v. Sanborn, 533 So.2d 1169 (Fla.1988). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Johnnie Wilmer Clark was discovered removing construction materials in his truck from a storage site of utility contractor Northwestern, Inc. A Northwestern employee and the employee's supervisor, Cecil Lynn, attempted to block Clark's exit from the site with their trucks. However, Clark intentionally crashed his truck into *968 the vehicles, causing damage to the grille, radiator, and bumper of Lynn's truck. Clark was charged with aggravated battery and felony criminal mischief with a motor vehicle. His motions for acquittal on the charges were denied. Lynn testified that Clark drove his truck toward the blocking vehicles at 25 to 30 miles per hour and "wasn't letting up." Lynn further testified that Clark hit the right rear of his truck "on a pretty fair angle and spun me." The jury found Clark guilty of aggravated battery[1] on Lynn, not guilty of aggravated battery on the employee, and guilty of felony criminal mischief.[2]See Clark, 746 So.2d at 1239.
On appeal to the First District Court of Appeal, Clark asserted that the trial court erred in denying his motions for acquittal on the aggravated battery charges. He argued that the incident did not constitute battery because the victim's truck could not be considered an extension of his person and thus there was no touching or striking of his person as required under the battery statute. The district court concluded that the question of whether an object is sufficiently closely connected to a person such that touching or striking the object would be a battery on that person will depend upon the circumstances of each case and is generally is a question of fact for the jury. See Clark, 746 So.2d at 1240. The district court therefore concluded that the trial court correctly submitted the aggravated battery charges to the jury. However, the district court certified conflict with the decision in Williamson, which the court characterized as holding that as a matter of law the striking of a person's car cannot constitute a touching or striking of an object intimately connected with the victim's person so as to result in a battery. See id.
In Williamson, the defendant was convicted of aggravated battery of a law enforcement officer for crashing his car into the side of a state trooper's vehicle during a high speed chase. See Williamson, 510 So.2d at 336. On appeal, the Fourth District Court of Appeal concluded "that as a matter of law the automobile in this case did not have such an intimate connection with the person of the trooper so as to conclude that a battery had occurred." Id. at 338. It was this conclusion that prompted the First District Court of Appeal to certify conflict in Clark. See Clark, 746 So.2d at 1241.
Clark urges this Court to approve a per se rule that the intentional striking of an automobile can never constitute the touching of the vehicle's occupant for battery purposes unless the occupant suffers some bodily injury. Clark contends that Williamson announced such a per se rule. We do not agree.
*969 While the Williamson court concluded that as a matter of law the automobile did not have such an intimate connection with the trooper as to support the conclusion that a battery had occurred, the court limited its ruling to the automobile "in this case." 510 So.2d at 338 (emphasis added). In fact, the court specifically noted that
[t]he touching or striking in the present case was to the outer body of an automobile which Trooper Thomas was driving, with no direct impact upon or even injury to the trooper. In fact, the evidence shows that the trooper was not even jostled about in the car as a result of the impact.

Id. (emphasis added). In contrast, the evidence in Clark revealed that Lynn was "spun" about when Clark's vehicle impacted his truck. 746 So.2d at 1239. The evidence presented in the present case certainly qualifies as intentionally touching another person for purposes of proving a simple battery under section 784.03(1)(a).
Thus, we conclude that the district court's decision here is not in direct conflict with Williamson. However, the certification of conflict by the district court gives this Court jurisdiction to review this case. See art. V, § 3(b)(4), Fla. Const.; see also Gerald Kogan & Robert Craig Waters, The Operation and Jurisdiction of the Florida Supreme Court, 18 Nova L.Rev. 1151, 1243 (1994) ("[T]he very act of certifying conflict creates confusion or uncertainty in the law that should be resolved by the Court."). We agree with the district court below that the trial court correctly submitted the aggravated battery charges to the jury in Clark's trial. See id. at 1241. We further agree with the district court that the circumstances of the case will determine whether a vehicle is sufficiently closely connected to a person so that the striking of the vehicle would constitute a battery on the person. Thus, this is generally a question of fact for the jury. See 746 So.2d at 1237. There is sufficient connection between a vehicle and a person where there is evidence of the touching required for a battery, such as the impact of the vehicle contact "spun" the occupant of the vehicle. While we do not read the statement in Williamson as announcing that as a matter of law the striking of the outer body of an automobile can never constitute a touching for purposes of a battery, we disapprove Williamson to the extent that it can be read as saying this.
For the reasons expressed above, we approve the decision below and disapprove Williamson in part.
It is so ordered.
WELLS, C.J., and SHAW, ANSTEAD, LEWIS and QUINCE, JJ., concur.
PARIENTE, J., concurs with an opinion.
PARIENTE, J., concurring.
I concur in the majority's opinion, but I have difficulty with the legal issue being framed in terms of a "sufficient connection" between the occupant and his or her vehicle, see majority op. at 969, when the real issue is whether the victim was "touched" through the force of impact by being jostled or otherwise impacted through the transference of energy from the collision.
Further, it would appear to be an unnecessarily convoluted legal fiction for the State to utilize the crime of battery, which involves an unwanted touching of a person, to punish such clearly criminal acts with the attendant risk of great bodily harm to motor vehicle occupants. Thus, I urge the Legislature to consider the propriety of criminalizing this specific type of misconduct through a separate statute to cover the circumstance of a motorist who utilizes his or her motor vehicle to intentionally *970 strike a motor vehicle knowing it to be occupied.
NOTES
[1] Section 784.045(1)(a), Florida Statutes (1999), provides:

A person commits aggravated battery who, in committing battery:
1. Intentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement; or
2. Uses a deadly weapon.
In Clark's case, there was no evidence of bodily harm or injury to either of the trucks' occupants. See Clark, 746 So.2d at 1239. Thus, the State sought to prove aggravated battery with the "deadly weapon" of his truck. In order to prove aggravated battery, the State must first prove that a simple battery occurred. Section 784.03(1)(a), Florida Statutes (1999), provides: "The offense of battery occurs when a person: 1. Actually and intentionally touches or strikes another person against the will of the other; 2. Intentionally causes bodily harm to another person."
[2] On appeal, the district court concluded that because the State did not produce evidence as to the extent of the physical damage to Lynn's truck and the monetary value of the required repair, Clark could only be found guilty of second-degree misdemeanor criminal mischief, which involves damages of $200 or less. See Clark, 746 So.2d at 1237.