799 So.2d 1022 (2001)
Reginald WINGFIELD, Petitioner,
v.
STATE of Florida, Respondent.
No. SC00-250.
Supreme Court of Florida.
December 13, 2001.
*1023 James Marion Moorman, Public Defender, and Raymond Dix, Assistant Public Defender, Tenth Judicial Circuit, Bartow, FL, for Petitioner.
Robert A. Butterworth, Attorney General, Robert J. Krauss, Senior Assistant Attorney General, Chief of Criminal Law, and Susan D. Dunlevy, Assistant Attorney General, Tampa, FL, for Respondent.
HARDING, J.
We have for review the opinion in Wingfield v. State, 751 So.2d 134 (Fla. 2d DCA 2000), which certified conflict with the opinion in Williamson v. State, 510 So.2d 335 (Fla. 4th DCA 1987), disapproved of by Clark v. State, 783 So.2d 967 (Fla. 2001),[1]and disapproved of on other grounds by, State v. Sanborn, 533 So.2d 1169 (Fla.1988). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.
This case involves the actions of Reginald Wingfield while driving a truck that he had borrowed in exchange for some crack cocaine. When the owner reported the truck stolen, the police spotted Wingfield driving the vehicle, followed him, and pulled him over. After coming to a stop, Wingfield reversed the truck and rammed it into the police cruiser, pushing the cruiser backwards. Wingfield and his passenger ran from the truck in opposite directions, trying to elude the police and escape arrest. Wingfield entered a nearby apartment through an unlocked screen door, ordered the occupants to be quiet, and then asked permission to stay. An apartment occupant initially gave Wingfield permission to stay, but testified at trial that he did not truly want Wingfield to stay. When the police arrived, the occupant asked Wingfield to leave. The police apprehended Wingfield as he was peeking out the back door of the apartment, allegedly trying to comply with the occupant's request that he leave.
In a jury trial, Wingfield was convicted of burglary, felony criminal mischief, battery, opposing an officer with violence, and two counts of aggravated battery on a law enforcement officer. Wingfield was sentenced under the Prison Releasee Reoffender Punishment Act,[2] and appealed his convictions and sentence to the Second District Court of Appeal. The district court affirmed all but one of Wingfield's convictions[3] and affirmed his prison releasee *1024 reoffender sentence without discussion but with citation to Grant v. State, 745 So.2d 519 (Fla. 2d DCA 1999), approved in part, quashed in part, 770 So.2d 655 (Fla. 2000).[4] The district court also certified conflict with the Fourth District Court of Appeal's decision in Williamson. The Second District Court characterized the Williamson decision as holding that as a matter of law there is no intimate connection between a police cruiser and its occupant, and therefore ramming a vehicle into the cruiser did not constitute aggravated battery. See Wingfield, 751 So.2d at 135.
In affirming Wingfield's convictions for aggravated battery, the Second District Court concluded that the requisite "intimate connection" existed between the officers and the cruiser "because the officers rested their full weight on the cruiser's seats." Id. When Wingfield intentionally rammed the truck into the police cruiser, the court reasoned, it necessarily involved the requisite impact to the officers, even if only slight, to constitute a battery. Because Wingfield used a deadly weapon (a motor vehicle) to do this, the district court affirmed the aggravated battery convictions. See id.
This Court accepted review of Wingfield on the basis of the certified conflict with the decision in Williamson and on the basis of express and direct conflict with the decision in Grant, which was pending review by this Court at the time. See Jollie v. State, 405 So.2d 418 (Fla.1981) (stating that a district court decision which cites as controlling authority a decision that is either pending review in or has been reversed by this Court constitutes prima facie express conflict and allows this Court to exercise its jurisdiction).
We have subsequently resolved all constitutional claims relating to the Prison Releasee Reoffender Punishment Act adversely to Wingfield. See Grant v. State, 770 So.2d 655 (Fla.2000); State v. Cotton, 769 So.2d 345 (Fla.2000). Thus, we need not address any of these issues.
As to Wingfield's claim that the evidence presented by the State was insufficient to prove aggravated battery and that the district court should have followed the reasoning of Williamson, we recently addressed a similar claim involving an aggravated battery conviction based upon the deliberate ramming of one vehicle into another. See Clark v. State, 783 So.2d 967 (Fla.2001). We concluded that "the circumstances of the case will determine whether a vehicle is sufficiently closely connected to a person so that the striking of the vehicle would constitute a battery on the person." Id. at 969. Further, we rejected any per se rule regarding battery and the striking of the outer body of an automobile. See id.
Accordingly, we remand this case to the Second District Court of Appeal for reconsideration of Wingfield's aggravated battery claim in light of our opinion in Clark.
It is so ordered.
ANSTEAD, PARIENTE, and QUINCE, JJ., concur.
SHAW, J., concurs in part and dissents in part with an opinion, in which WELLS, C.J., and LEWIS, J., concur.
SHAW, J., concurring in part and dissenting in part.
In Clark v. State, 783 So.2d 967, 969 (Fla.2001), we addressed the issue of *1025 whether intentionally driving a truck into an occupied vehicle could qualify as an intentional touching of a passenger so as to qualify as a battery. We held that whether or not a vehicle is "sufficiently closely connected" to the person inside in order to justify a conviction for battery will depend on the facts of each individual case and should be submitted as a question of fact. The victim, Cecil Lynn, testified that Clark intentionally drove into the right rear of her truck "on a pretty fair angle and spun me." Id. at 968. Based principally upon this testimony, we concluded that an intentional ramming of a vehicle and the resulting spinning of the passenger qualified as an intentional touching for purposes of proving a simple battery under section 784.03(1)(a), Florida Statutes (1999).
In the instant case when the police cruiser was intentionally rammed, Officer Deterio was jostled about causing him and his partner to brace themselves for a "pretty full impact." I find this testimony practically indistinguishable from the testimony in Clark. In Clark the impact "spun" the victim and in the case under consideration, the impact "jostled about" the victims. Unless some significance is attributed to the victim being "spun" as opposed to "jostled," I can see no purpose to be served by a remand. If the district court follows our analysis in Clark, it can reach but one conclusion, a conclusion that it has already reached, i.e., the issue was properly submitted to the trier of fact and the verdict is supported by competent, substantial evidence and should be affirmed. I would, therefore, approve the opinion of the district court.
WELLS, C.J., and LEWIS, J., concur.
NOTES
[1] In reviewing Clark on the basis of certified conflict with the opinion in Williamson, this Court disapproved Williamson to the extent that it could be read as "announcing that as a matter of law the striking of the outer body of an automobile can never constitute a touching for purposes of a battery." Clark, 783 So.2d at 969.
[2] See § 775.082(8), Fla. Stat. (1997).
[3] The district court ruled that Wingfield's conviction of felony criminal mischief must be reduced to second-degree misdemeanor criminal mischief because the State failed to present testimony from a qualified witness as to the monetary damage to the police cruiser. See Wingfield v. State, 751 So.2d at 136.
[4] The Second District Court of Appeal rejected a number of constitutional challenges to the Prison Releasee Reoffender Punishment Act in Grant. On discretionary review, this Court approved the district court's handling of the constitutional challenges. See Grant v. State, 770 So.2d 655 (Fla.2000).