816 So.2d 675 (2002)
Reginald WINGFIELD, Appellant,
v.
STATE of Florida, Appellee.
No. 2D98-4895.
District Court of Appeal of Florida, Second District.
March 20, 2002.
Rehearing Denied May 3, 2002.
*676 James Marion Moorman, Public Defender, Bartow, and Raymond Dix, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Susan D. Dunlevy, Assistant Attorney General, Tampa, for Appellee.
DAVIS, Judge.

ON REMAND FROM FLORIDA SUPREME COURT
This matter is before us on remand from the Florida Supreme Court. Reginald Wingfield appealed his convictions of burglary, felony criminal mischief, battery, opposing an officer with violence, and two counts of aggravated battery on a law enforcement officer. He also appealed the constitutionality of his prisoner releasee reoffender sentence. This court affirmed his convictions and sentences on all charges with the exception of the criminal mischief charge, which we reduced to a second-degree misdemeanor. See Wingfield v. State, 751 So.2d 134 (Fla. 2d DCA 2000).
At trial the State alleged that Wingfield intentionally rammed a police cruiser with his pickup truck. The State charged Wingfield with two counts of aggravated battery on a law enforcement officer since the cruiser was occupied by two officers. In affirming this conviction, this court cited conflict with Williamson v. State, 510 So.2d 335 (Fla. 4th DCA 1987). The supreme court accepted jurisdiction and determined that no actual conflict existed. However, the court remanded the case for this court to reconsider the issue in light of its opinion in Clark v. State, 783 So.2d 967 (Fla.2001).
In this court's original opinion in the instant case, we read Williamson to set forth as a matter of law that since the police cruiser did not have "the intimate connection" with the officer, the striking of the cruiser was not a sufficient basis to charge an aggravated battery. However, in Clark, the supreme court reviewed Williamson and determined that the Fourth District's conclusion was limited to the facts of that case. "While we do not read the statement in Williamson as announcing that as a matter of law the striking of the outer body of an automobile can never constitute a touching for purposes of a battery, we disapprove Williamson to the extent that it can be read as saying this." Clark, 783 So.2d at 969.
*677 The supreme court determined that the facts in Clark, which included testimony that Clark hit the victim's vehicle at a speed of twenty-five to thirty miles per hour and "spun" the victim about, were sufficient to allow the jury to determine whether the vehicle was "sufficiently closely connected" to the person so that the striking of the vehicle would constitute a battery on the person. The court, reasoning that this was a factual question to be decided by the jury, affirmed Clark's conviction.
On remand, we must now consider whether the State's evidence was sufficient to allow the issue to be presented to the jury. One officer testified that after Wingfield stopped his truck, he saw the reverse lights come on, heard the squealing of tires, and saw smoke coming from the tires. Wingfield's truck then came backing towards the cruiser, slamming into it and pushing it backwards. The other officer described the contact as "pretty full impact" that required the officers to brace themselves. We believe that this testimony is similar to the "spun about" testimony in Clark and conclude that these facts were sufficient to create a proper jury question. Given the jury's apparent determination of the factual issue in favor of the State, and based on the evidence in the record, we conclude that Wingfield's conviction was not in error.
Affirmed.
CASANUEVA,[1] J., and THREADGILL, EDWARD F., Senior Judge, Concur.
NOTES
[1] Judge Casanueva has been substituted for Judge Campbell who was on the original Wingfield panel.