COPE, J.
V.A. appeals his adjudication of delinquency on the basis of aggravated battery. We reverse.
Police officers were called to V.A.’s home on account of a domestic disturbance. Before the police officers could get out of their police vehicle, V.A. rammed it with the family car. The police officers testified that there was damage to the police vehicle. However, there was no testimony that the officers were injured, or otherwise shaken or moved by the collision impact.
The State charged V.A. with aggravated battery. The theory was that the family car driven by V.A. was used as a deadly weapon. See § 784.045(l)(a)2., Fla. Stat. (2000); Clark v. State, 783 So.2d 967, 968 n. 1 (Fla.2001).
The defense moved for a judgment of acquittal, arguing that the evidence was legally insufficient to constitute the offense of aggravated battery. While acknowledging that V.A. rammed the police vehicle, the defense contended that this collision did not amount to a battery on the officers themselves. After receiving mem-oranda on the subject, the court denied the motion and found that V.A. had committed an aggravated battery. V.A. has appealed.
Several months after the trial, the Florida Supreme Court announced Clark. Under Clark, it will depend on the facts of the individual case whether’ the ramming of a vehicle constitutes an aggravated battery on the occupants. 783 So.2d at 968-69.
*849 The Clark court discussed the earlier case of Williamson v. State, 510 So.2d 335 (Fla. 4th DCA 1987), disapproved on other grounds, State v. Sanborn, 533 So.2d 1169 (Fla.1988). In Williamson there was no aggravated battery because:
“[t]he touching or striking ... was to the outer body of an automobile which Trooper Thomas was driving, with no direct impact upon or even injury to the trooper. In fact, the evidence shows that the trooper was not even jostled about in the car as a result of the impact.”
Clark, 783 So.2d at 969 (quoting Williamson, 510 So.2d at 338) (emphasis in original). The Florida Supreme Court ruled that on those facts, Williamson was correctly decided. 783 So.2d at 969.*
By contrast, in Clark the evidence “revealed that [the occupant] was ‘spun’ about when Clark’s vehicle impacted his truck.” 783 So.2d at 969 (citation omitted). Because in Clark “the impact of the vehicle contact ‘spun’ the occupant of the vehicle,” id., the Florida Supreme Court concluded that an aggravated battery had occurred.
Thus in order to prove the offense of aggravated battery arising out of the defendant’s ramming of another vehicle, it is necessary for the State to show that the occupants of the rammed vehicle were at least jostled or moved about within their vehicle. The Second District has said that it is sufficient if the occupants of the rammed vehicle had to brace themselves from the impact of an impending substantial collision. Wingfield v. State, 816 So.2d 675 (Fla. 2d DCA 2002), on remand from Wingfield v. State, 799 So.2d 1022 (Fla. 2001).
The present case was tried prior to the decision in Clark. Neither side brought out any testimony that the officers were jostled or otherwise moved about within their vehicle by the collision or braced themselves to protect against the impending impact. In the absence of such evidence, the present case is like Williamson, and the evidence was legally insufficient to establish the offense of aggravated battery.
The defense squarely raised this issue as part of the motion for judgment of acquittal, so the point is preserved for appellate review. We do not fault the trial court for its ruling, because the Clark decision had not been announced at the time this case was tried.
The State points out that when V.A. rammed the police car, he caused it to move backwards. The State argues that from this, the trial court could draw the inference that the officers were jostled or shaken up. There may be cases where the impact is so severe that such an inference can be drawn, but the impact in this case was not of such magnitude, and no one made that argument in the trial court. The fact is, no one asked the officers about the impact (if any) experienced by them.
Summing up, to prove aggravated battery, the State must offer evidence that the occupants of the rammed vehicle:
(1) were injured, or
(2) were jostled, or
(3) were moved about within the vehicle, or
(4) had to brace themselves for protection against the impending impact.
*850 The adjudication of delinquency for aggravated battery is reversed.

 The court disapproved Williamson to the extent Williamson could be read as saying that "as a matter of law the striking of the outer body of an automobile can never constitute a touching for purposes of a battery....” Id.