# Supreme Court of Florida

_____

No. SC17-2265
_____

**IN RE: STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES—
REPORT 2017-11.**

December 20, 2018

PER CURIAM.

The Supreme Court Committee on Standard Jury Instructions in Criminal

Cases (Committee) has submitted proposed changes to the standard jury

instructions and asks that the Court authorize the amended standard instructions for

publication and use. We have jurisdiction. *See* art. V, § 2(a), Fla. Const.

The Committee proposes amending the following existing instructions: 8.3

(Battery); 8.4 (Aggravated Battery); 8.4(a) (Aggravated Battery (Pregnant

Victim)); 8.5 (Felony Battery); 8.11 (Battery on Law Enforcement Officer,

Firefighter, Etc.); 8.13 (Aggravated Battery on Law Enforcement Officer,

Firefighter, Etc.); 8.14 (Aggravated Battery on Person 65 Years of Age or Older);

8.16 (Battery on Person 65 Years of Age or Older); and 8.20 (Battery on Facility

Employee). No comments were received by the Committee pertaining to the

proposals. The Court did not publish the proposals after they were filed. We hereby authorize the amended instructions 8.3, 8.4(a), 8.5, 8.11, 8.16, and 8.20 for publication and use as set forth in the appendix to this opinion.[1] The more significant amendments to the instructions are discussed below.

Instructions 8.3, 8.4(a), 8.5, 8.11, and 8.16 are amended to clarify that a battery may occur even if the defendant does not touch the actual body of a victim, citing *Clark v. State*, 783 So. 2d 967 (Fla. 2001).

In addition, instruction 8.3 (Battery) is modified to add a new paragraph stating that if the reclassification in section 784.03(2), Florida Statutes (2018), was charged and the jury found the defendant guilty of battery, then the jury must further determine whether the State has proven beyond a reasonable doubt that the defendant was previously convicted of battery, aggravated battery, or felony battery.

Next, instruction 8.16 (Battery on Person 65 Years of Age or Older) is updated to clarify that it is not necessary for the State to prove that the defendant knew or had reason to know the age of the victim, citing section 784.08(2), Florida Statutes (2018).

---

1. We decline to authorize the amendments to instructions 8.4, 8.13, and 8.14 at this time. Instead, we have referred those proposed amendments back to the Committee to be considered in light of *Shepard v. State*, 43 Fla. L. Weekly S546 (Fla. Nov. 1, 2018).

Last, instruction 8.20 (Battery on Facility Employee) is amended to reflect the language in section 784.078, Florida Statutes (2018) (Battery of facility employee by throwing, tossing, or expelling certain fluids or materials). Accordingly, instruction 8.20 is amended to remove the "intentionally touched or struck" language that is used in other battery statutes, but is not found in section 784.078, Florida Statutes. Instruction 8.20 is also amended to replace "had reason to know" with "reasonably should have known." Further, instruction 8.20 is retitled from "Battery on Facility Employee" to "Battery on Facility Employee (Throwing, Tossing, or Expelling Certain Fluids or Materials)."

The amended criminal jury instructions, as set forth in the appendix to this opinion, are hereby authorized for publication and use.[2] New language is indicated by underlining, and deleted language is indicated by struck-through type. In authorizing the publication and use of these instructions, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal

_____

2. The amendments as reflected in the appendix are to the Criminal Jury Instructions as they appear on the Court's website at www.floridasupremecourt.org /jury_instructions/instructions.shtml. We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions. Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.

correctness of the instructions.  We further caution all interested parties that any comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability.  The instructions as set forth in the appendix shall be effective when this opinion becomes final.

It is so ordered.

CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and LAWSON, JJ., concur.

ANY MOTION FOR REHEARING OR CLARIFICATION MUST BE FILED ON OR BEFORE DECEMBER 27, 2018.  A RESPONSE TO THE MOTION FOR REHEARING/CLARIFICATION MAY BE FILED ON OR BEFORE JANUARY 2, 2019.  NOT FINAL UNTIL THIS TIME PERIOD EXPIRES TO FILE A REHEARING/CLARIFICATION MOTION AND, IF FILED, DETERMINED.

Original Proceedings – Supreme Court Committee on Standard Jury Instructions in Criminal Cases

Judge F. Rand Wallis, Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Daytona Beach, Florida; and Bart Schneider, Staff Liaison, Office of the State Courts Administrator, Tallahassee, Florida,

for Petitioner

# APPENDIX

## 8.3 BATTERY
§ 784.03, Fla._Stat.

To prove the crime of Battery, the State must prove the following element beyond a reasonable doubt:

*Give 1 and/or 2 as applicable depending on the charging document.*
1.     [(Defendant) **actually and intentionally touched or struck** (victim) **against [his] [her] will.]**

2.     [(Defendant) **intentionally caused bodily harm to** (victim)**.]**

*Give only if applicable. Fey v. State, 125 So. 3d 828 (Fla. 4th DCA 2013).*
**An intentional touching or striking includes situations where a defendant knows that a touch or strike is substantially certain to result from his or her act.**

*Give only if applicable. Clark v. State, 783 So. 2d 967 (Fla. 2001).*
**A battery may be found as a result of the intentional touching or intentional striking of something other than the actual body of the person. However, the object that is touched or struck must have such an intimate connection with the person that it is to be regarded as a part or as an extension of the person. [For example, in cases where a person intentionally drove into another occupied vehicle, it is for you to determine whether the vehicle that was struck should be considered as a part or as an extension of the person inside that vehicle. This determination may include consideration about whether the person was "touched" through the force of impact by being jostled or otherwise impacted through the transfer of energy from the collision.]**

*Give if the reclassification in § 784.03(2), Fla. Stat. was charged and if jury found the defendant guilty of Battery.*
**Now that you have found the defendant guilty of Battery, you must further determine whether the State has proven beyond a reasonable doubt that the defendant was previously convicted of [Battery] [Aggravated Battery]**

**[Felony Battery]. "Convicted" means a determination of guilt that was the result of a plea or a trial, regardless of whether adjudication was withheld or a plea of nolo contendere was entered.**

### Lesser Included Offenses

| BATTERY — 784.03 | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |

### Comment

This instruction was approved in 1981 and amended in 2018.

### 8.4(a) AGGRAVATED BATTERY (Pregnant Victim)
§ 784.045(1)(b), Fla. Stat.

**To prove the crime of Aggravated Battery, the State must prove the following three elements beyond a reasonable doubt. The first element is a definition of ~~b~~Battery.**

*Bracketed language depends on the charging document.*
1. (Defendant) **[actually and intentionally touched or struck** (victim) **against her will] [intentionally caused bodily harm to** (victim)**].**

2. (Victim) **was pregnant at the time.**

3. (Defendant) **in committing the battery knew or should have known that** (victim) **was pregnant.**

*Give only if applicable. Fey v. State, 125 So. 3d 828 (Fla. 4th DCA 2013).*
**An intentional touching or striking includes situations where a defendant knows that a touch or strike is substantially certain to result from his or her act.**

*Give only if applicable. Clark v. State, 783 So. 2d 967 (Fla. 2001).*

**A battery may be found as a result of the intentional touching or intentional striking of something other than the actual body of the person. However, the object that is touched or struck must have such an intimate connection with the person that it is to be regarded as a part or as an extension of the person. [For example, in cases where a person intentionally drove into another occupied vehicle, it is for you to determine whether the vehicle that was struck should be considered as a part or as an extension of the person inside that vehicle. This determination may include consideration about whether the person was "touched" through the force of impact by being jostled or otherwise impacted through the transfer of energy from the collision.]**

## Lesser Included Offenses

| AGGRAVATED BATTERY (PREGNANT VICTIM) – 784.045(1)(b) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Battery | | 784.03 | 8.3 |
| | Attempt | 777.04(1) | 5.1 |

## Comment

This instruction was approved in 2007 [962 So. 2d 310] and amended in 2018. ~~See *Small v State*, 889 So.2d 862 (Fla. 1st DCA 2004).~~

## 8.5 FELONY BATTERY
§ 784.041(1), Fla. Stat.

**To prove the crime of Felony Battery, the State must prove the following two elements beyond a reasonable doubt:**

1. (Defendant) **actually and intentionally touched or struck** (victim) **against [his] [her] will; and**

2. (Defendant) **caused** (victim) **great bodily harm, permanent disability, or permanent disfigurement.**

*Give only if applicable. Great bodily harm. Wheeler v. State, 203 So. 3d 1007 (Fla. 4th DCA 2016).*

**"Great bodily harm" means great as distinguished from slight, trivial, minor, or moderate harm, and as such does not include mere bruises.**

*Give only if applicable. Fey v. State, 125 So. 3d 828 (Fla. 4th DCA 2013).*

**An intentional touching or striking includes situations where a defendant knows that a touch or strike is substantially certain to result from his or her act.**

*Give only if applicable. Clark v. State, 783 So. 2d 967 (Fla. 2001).*

**A battery may be found as a result of the intentional touching or intentional striking of something other than the actual body of the person. However, the object that is touched or struck must have such an intimate connection with the person that it is to be regarded as a part or as an extension of the person. [For example, in cases where a person intentionally drove into another occupied vehicle, it is for you to determine whether the vehicle that was struck should be considered as a part or as an extension of the person inside that vehicle. This determination may include consideration about whether the person was "touched" through the force of impact by being jostled or otherwise impacted through the transfer of energy from the collision.]**

**Lesser Included Offenses**

| FELONY BATTERY — 784.041(1) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Battery | | 784.03 | 8.3 |
| | None | | |

**Comment**

~~This instruction is based on the text of § 784.041, Fla.Stat. (1997), and generally patterned after the standard instructions on battery and aggravated battery.~~

This instruction was adopted in 2000 [765 So. 2d 692] and amended in 2018.

## 8.11 BATTERY ON LAW ENFORCEMENT OFFICER, FIREFIGHTER, ETC.
§ 784.07(2)(b), Fla. Stat.

**To prove the crime of Battery on a [Law Enforcement Officer] [Firefighter] [Emergency Medical Care Provider] [Traffic Accident Investigation Officer] [Traffic Infraction Enforcement Officer] [Parking Enforcement Specialist] [Security Officer Employed by the Board of Trustees of a Community College] [Law Enforcement Explorer] [Non-sworn Law Enforcement Agency Employee Certified as an Agency Inspector] [Blood Alcohol Analyst] [Breath Test Operator] [Railroad Special Officer] [Licensed Security Officer], the State must prove the following four elements beyond a reasonable doubt:**

*Give 1a and/or 1b depending on the charging document.*
**1.** (Defendant) ~~intentionally~~

> **a.** [**actually and intentionally touched or struck** (victim) **against [his] [her] will**].
>
> **b.** [**intentionally caused bodily harm to** (victim)].

**2.** (Victim) **was a [law enforcement officer] [firefighter] [emergency medical care provider] [traffic accident investigation officer] [traffic infraction enforcement officer] [parking enforcement specialist] [security officer employed by the board of trustees of a community college] [law enforcement explorer] [non-sworn law enforcement agency employee who was certified as an agency inspector] [blood alcohol analyst] [breath test operator while such employee was in uniform and engaged in processing, testing, evaluating, analyzing, or transporting a person who was detained or under arrest for DUI] [railroad special officer] [licensed security officer who wore a uniform that bore at least one patch or emblem that was visible at all times that clearly identified the employing agency and that clearly identified the person as a licensed security officer].**

- 9 -

3.     (Defendant) **knew** (victim) **was a [law enforcement officer] [firefighter] [emergency medical care provider] [traffic accident investigation officer] [traffic infraction enforcement officer] [parking enforcement specialist] [security officer employed by the board of trustees of a community college] [law enforcement explorer] [non-sworn law enforcement agency employee who was certified as an agency inspector] [blood alcohol analyst] [breath test operator] [railroad special officer] [licensed security officer].**

4.     (Victim) **was engaged in the lawful performance of [his] [her] duties when the battery was committed.**

*Give only if applicable. Fey v. State, 125 So. 3d 828 (Fla. 4th DCA 2013).*
**An intentional touching or striking includes situations where a defendant knows that a touch or strike is substantially certain to result from his or her act.**

*Give only if applicable. Clark v. State, 783 So. 2d 967 (Fla. 2001).*
**A battery may be found as a result of the intentional touching or intentional striking of something other than the actual body of the person. However, the object that is touched or struck must have such an intimate connection with the person that it is to be regarded as a part or as an extension of the person. [For example, in cases where a person intentionally drove into another occupied vehicle, it is for you to determine whether the vehicle that was struck should be considered as a part or as an extension of the person inside that vehicle. This determination may include consideration about whether the person was "touched" through the force of impact by being jostled or otherwise impacted through the transfer of energy from the collision.]**

*For cases where the alleged victim is a law enforcement officer, do not refer to the victim by name when instructing on the sentence below. Instead, the instruction must state the class of officers to which the victim belongs, e.g., deputy sheriff, probation officer, correctional officer. See Wright v. State, 586 So. 2d 1024 (Fla. 1991).*
**The court now instructs you that a** (name of official position of victim designated in charge) **is a law enforcement officer.**

- 10 -

*For cases involving other types of victims, insert definitions from § 784.07(1)(a), Fla. Stat., as appropriate.*

**Lesser Included Offenses**

| BATTERY ON LAW ENFORCEMENT OFFICER, FIREFIGHTER, ETC. — 784.07(2)(b) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Battery | | 784.03 | 8.3 |
| | Attempt | 777.04(1) | 5.1 |

**Comments**

_See Spurgeon v. State_, 114 So. 3d 1042 (Fla. 5th DCA 2013) (holding that a conviction for a violation of § 784.07(2), Florida Statutes, had to be vacated because the statute does not include physicians, employees, agents, or volunteers of facilities that do not satisfy the definition of a hospital under chapter 395).

This instruction was adopted in 1981 [431 So. 2d 594] and amended in 1992 [603 So. 2d 1175], 1995 [657 So. 2d 1152], 2007 [962 So. 2d 310], 2008 [994 So. 2d 1038], ~~and~~ 2015 [157 So. 3d 1027], and 2018.

## 8.16 BATTERY ON PERSON 65 YEARS OF AGE OR OLDER
§ 784.08(2)(c), Fla. Stat.

**To prove the crime of Battery on a Person 65 Years of Age or Older, the State must prove the following two elements beyond a reasonable doubt:**

*Give 1a and/or 1b depending on the charging document.*
1. (Defendant) **intentionally [touched or struck** (victim) **against [his] [her] will] [caused bodily harm to** (victim)**].**
   **a. actually and intentionally touched or struck** (victim) **against [his] [her] will.**

   **b. intentionally caused bodily harm to (victim).**

- 11 -

**2.** (Victim) **was at the time 65 years of age or older.**

*§ 784.08(2), Fla. Stat.*
**It is not necessary for the State to prove that (defendant) knew or had reason to know the age of** (victim)**.**

*Give only if applicable. Fey v. State, 125 So. 3d 828 (Fla. 4th DCA 2013).*
**An intentional touching or striking includes situations where a defendant knows that a touch or strike is substantially certain to result from his or her act.**

*Give only if applicable. Clark v. State, 783 So. 2d 967 (Fla. 2001).*
**A battery may be found as a result of the intentional touching or intentional striking of something other than the actual body of the person. However, the object that is touched or struck must have such an intimate connection with the person that it is to be regarded as a part or as an extension of the person. [For example, in cases where a person intentionally drove into another occupied vehicle, it is for you to determine whether the vehicle that was struck should be considered as a part or as an extension of the person inside that vehicle. This determination may include consideration about whether the person was "touched" through the force of impact by being jostled or otherwise impacted through the transfer of energy from the collision.]**

**Lesser Included Offenses**

| BATTERY ON PERSON 65 YEARS OF AGE OR OLDER — 784.08(2)(c) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Battery | | 784.03 | 8.3 |
| | Attempt | 777.04(1) | 5.1 |

**Comment**

This instruction was adopted in 1997 [697 So. 2d 84] and amended in 2018.

## 8.20 BATTERY ON FACILITY EMPLOYEE (THROWING, TOSSING, OR EXPELLING CERTAIN FLUIDS OR MATERIALS)
§ 784.078, Fla._Stat.

**To prove the crime of Battery on a Facility Employee, the State must prove the following five elements beyond a reasonable doubt:**

1. (Defendant) **was detained in a facility.**

2. (Defendant) ~~intentionally touched or struck or attempted to touch or strike~~ (victim) ~~against [his] [her] will by throwing, tossing, or expelling~~**caused or attempted to cause** (victim) **to come into contact with blood, saliva, masticated food, regurgitated food, seminal fluid, urine, or feces** ~~at~~(victim)**by throwing, tossing, or expelling such fluid or material.**

3. (Defendant) ~~intended~~ **did so with the intent to harass, annoy, threaten, or alarm** (victim)**.**

4. (Victim) **was a facility employee.**

5. (Defendant) **knew** (victim) **or** ~~had reason to know~~**reasonably should have known that** (victim) **was a facility employee.**

*Definitions.*
*§ 784.078(1), Fla. Stat. Additional definitions of the specific type of facility can be found in other statutes.*
**A "facility" is any state correctional institution, private correctional facility, county, municipal, or regional jail or other detention facility of local government, or any secure facility operated and maintained by the Department of Corrections or the Department of Juvenile Justice.**

*§ 784.078(2), Fla. Stat.*
**An "employee" is any person [employed by or performing contractual services for a public or private entity operating a facility] [or] [employed by or performing contractual services for the corporation operating the prison enhancement programs or the correctional work programs] [or] [who is a parole examiner with the Florida** ~~Parole~~ **Commission on Offender Review].**

**Lesser Included Offenses**

| BATTERY ON FACILITY EMPLOYEE — 784.078 | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Battery | 784.03(1)(a) | 8.3 |
| | Assault | 784.011 | 8.1 |

**Comment**

This instruction was adopted in 2003 [850 So. 2d 1272] and 2018.