791 So.2d 1124 (2000)
Thomas BASS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-845.
District Court of Appeal of Florida, Fourth District.
December 6, 2000.
Richard L. Jorandby, Public Defender, and Cherry Grant, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Kristine Keaton, Assistant Attorney General, Fort Lauderdale, for appellee.
WARNER, C.J.
The appellant, Thomas Bass, pled no contest to four charges: delivery of cocaine, resisting with violence, battery on a law enforcement officer, and injuring a police dog. The court designated appellant a prison releasee reoffender on the last three charges and sentenced appellant to serve five year concurrent sentences on each count. Appellant challenges his sentence as a prison releasee reoffender on the last count, injuring a police dog, on the ground that the crime is not a qualifying offense under the statute. The trial court reasoned that a qualifying offense is "any felony that involves the use or threat of physical force or violence against an individual" (emphasis added) pursuant to section 775.082(9)(a)1.o., Florida Statutes (1999), and that police dogs receive the same treatment and protection as police officers under the law. Therefore, a dog was an "individual" for purposes of the PRR act. We disagree and reverse.
Although there is no statutory definition of an "individual," its common legal usage is that of a person. Black's Law Dictionary defines the term individual as:
Individual. As a noun, this term denotes a single person as distinguished from a group or class, and also, very commonly, a private or natural person as distinguished from a partnership, corporation, or association; but it is said that this restrictive signification is not necessarily inherent in the word, and that it may, in proper cases, include artificial persons. See also Person.
Black's Law Dictionary 773 (6th ed.1990)(bold emphasis in original; underlined emphasis added). This is also the common usage of the term individual.
The trial court is not correct that police dogs receive the same treatment as a police *1125 officer. Harming or killing a police dog is a third degree felony under section 843.19(2). Aggravated battery on a law enforcement officer is a first degree felony, and the fact that the victim of a capital felony is a law enforcement officer is a statutory aggravating factor for imposition of the death penalty. See §§ 784.07(2)(d), 921.141(5)(j), Fla. Stat. (1999). The statutes do not treat dogs the same as humans, and as much as dogs are loved and cherished by their owners, they are not persons or "individuals" for purposes of the criminal law. Cf. Helmy v. Swigert, 662 So.2d 395, 397 (Fla. 5th DCA 1995)("a dog is considered to be personal property").
Further, even if there were doubt as to whether a dog is an individual for the purposes of the statute, section 775.021(1) provides that, in construing statutes, "when the language is susceptible of differing constructions, it shall be construed most favorably to the accused." If we were in doubt as to whether a dog was an individual, we would have to construe the statute in favor of the accused and determine that a dog is not covered by the statutory language.
We therefore reverse and remand to remove the prison releasee reoffender designation on appellant's sentence for the injury to a police dog count.
SHAHOOD and HAZOURI, JJ., concur.