PER CURIAM.
John Egan Rosa appeals his judgment of conviction and sentence on two charges of robbery without a firearm, two charges of aggravated battery on a law enforcement officer, and a charge of aggravated fleeing or eluding of a law enforcement officer. We reverse the trial court’s judgment of conviction on the aggravated battery charge on Officer Adlet because the evidence was legally insufficient to establish the offense.
On February 19, 1998, A1 Cazoli and Mary Kick were robbed at gun point. Officer Komie arrived at the scene shortly after the robbery. Both Cazoli and Kick gave Officer Komie a description of the robbery, the robber, the gun used, as well as a description of the vehicle which the robber used to flee.
As a result of Officer Komie’s BOLO, a high speed chase ensued involving a number of police officers, including Officer Ad-let and Officer Morales. The suspect vehicle, a Monte Carlo, eventually crashed against a guard rail and Officer Adlet’s police vehicle. Officer Adlet was unbuckling his seatbelt when he noticed that the Monte Carlo was in reverse. The impact damaged the bumper of Officer Adlet’s vehicle, caused a strobe light to fall off the dashboard, and cracked a turn signal light. The impact also caused the door of the police vehicle to strike Officer Morales and injure his arm and shin area.
The chase continued, however, until the Monte Carlo came to a stop and the driver fled. The police arrested the Monte Carlo’s two passengers. Shortly thereafter, the police also arrested the driver at a nearby home. Cazoli subsequently identified the Monte Carlo as the vehicle he recalled having seen after the robbery. Both Cazoli and Kick identified Rosa as the robber at a show-up. Cazoli also identified Rosa at trial. The police recovered *497 the stolen items from inside the Monte Carlo.
Appellee State of Florida charged Rosa with robbery with a deadly weapon or firearm, unlawful possession of a weapon while engaged in a crime, aggravated battery on two law enforcement officers using a deadly weapon, and aggravated fleeing or eluding a law enforcement officer. A jury found Rosa guilty of all charges, except unlawful possession of a weapon while engaged in a crime. The trial court accordingly entered judgments of guilty and entered a judgment of acquittal on the charge of unlawful possession of a weapon.
Rosa argues that his motion for judgment of acquittal on the aggravated battery charge on Officer Adlet should have been granted because there was insufficient evidence to prove a battery on Officer Adlet. We agree.
The offense of aggravated battery which arises from a defendant’s ramming of another vehicle must be proven through the introduction of evidence that the occupants of the rammed vehicle were injured, jostled, moved about within the vehicle, or had to brace themselves for protection against the impending impact. See V.A. v. State, 819 So.2d 847, 849 (Fla. 3d DCA 2002). There is no evidence in this ease that Officer Adlet was injured, jostled, moved, or had to brace himself so as to protect against the impact of Rosa’s vehicle. We cannot infer from the record, including the testimony of police officers concerning the collision, that the impact from Rosa’s vehicle was of such magnitude so as to cause Officer Adlet to move. The evidence in this case, taken in the light most favorable to the State, see Nelson v. State, 753 So.2d 648, 649 (Fla. 3d DCA 2000), is thus insufficient for a jury to conclude that there was a battery upon Officer Adlet.
We find no error in the trial court’s denial of Rosa’s motion for mistrial, and no merit to Rosa’s other arguments raised in this appeal.
Reversed in part, affirmed in part, and remanded.