902 So.2d 900 (2005)
Frederick Bernard THOMAS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-1243.
District Court of Appeal of Florida, Fourth District.
June 1, 2005.
Carey Haughwout, Public Defender, and Louis G. Carres, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
We affirm the revocation of probation and sentence in this case, in which the appellant's assistant public defender filed a motion to withdraw and a supporting brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). The brief points out that the order of revocation of probation contains scrivener's errors, in that it does not comport with the conditions which the trial court orally found Defendant did and did not violate. Accordingly, we remand for entry of a corrected order of revocation of probation, specifying the conditions Defendant was found to have violated, and omitting those which Defendant was found not to have violated. Furthermore, the order should not include as a violation the charge of dealing in stolen property, which, although supported by evidence at the hearing, was not charged in the affidavit of violation of probation. See Ray v. State, 855 So.2d 1260, 1261 (Fla. 4th DCA 2003) (holding revocation of probation may not be based on an uncharged violation). However, we determine that reversal of the revocation of probation is not necessary due to the other serious violations which were both charged and found. See, e.g., Wilson v. State, 506 So.2d 1170 (Fla. 3d DCA 1987).
WARNER, HAZOURI and MAY, JJ., concur.