987 So.2d 774 (2008)
M.S., A Child, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-2403.
District Court of Appeal of Florida, Fourth District.
July 30, 2008.
*776 Carey Haughwout, Public Defender, and Elisabeth Porter, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Katherine Y. McIntire, Assistant Attorney General, West Palm Beach, for appellee.
MAY, J.
A juvenile appeals an order revoking his probation and committing him to a high risk residential program with special conditions of DNA testing and a sex offender program. We affirm the revocation of probation, but find error in the disposition order and reverse.
The State originally charged the juvenile with making a false fire alarm. The juvenile entered a guilty plea, and the trial court withheld adjudication and placed him on probation. Subsequently, the State filed a Petition for Violation of Probation, alleging the juvenile committed "the offense of Lewd Lascivious Exhibition and Exposure of Sex Organs...." At the violation hearing, evidence and argument were presented regarding two incidents, the lewd and lascivious offense and a wholly separate uncharged offense of battery on a school employee. The trial court found the juvenile had violated his probation based on both offenses.
The Department of Juvenile Justice (DJJ) filed a Pre-Disposition Report, noting two violations of probation. The Report recommended commitment to a moderate risk program followed by conditional release. The Report indicated a need for DNA testing and recommended the juvenile be placed in a residential environment for juvenile sex offenders.
At the disposition hearing, the trial court announced that it would depart from DJJ's recommendation. The trial court adjudicated the juvenile delinquent on the charge of making a false fire alarm, committed him to a high risk residential program, and ordered a sex offender program and DNA testing. The trial court indicated the reasons for the harsher disposition, including the juvenile's sexually deviant behaviors. The court further explained that the juvenile's twenty-nine disciplinary referrals at school since the violation hearing indicated the need to depart from the recommended disposition.
The juvenile filed a motion to correct the disposition order, arguing that the trial court had failed to justify the need for the higher restrictiveness level. The juvenile then filed a second motion and requested the court to strike the higher level commitment program, the DNA testing, and the sex offender program from the disposition order. The motion raised the fact that the trial court had relied on the battery offense, which was not alleged in the violation, to revoke the juvenile's probation. The motion also disputed the trial court's reliance on pure hearsay to find a violation on the exposure allegation.
*777 The trial court denied the motions. In this appeal, the juvenile argues that the trial court erred in revoking his probation, enhancing the commitment level, and in ordering the special conditions.
A court may not revoke a defendant's probation for a violation not alleged in the affidavit of violation. Ray v. State, 855 So.2d 1260, 1261 (Fla. 4th DCA 2003). Here, the record indicates that the charge of battery on a school employee was never alleged in the affidavit of violation of probation. Thus, the trial court erred in relying on that allegation in revoking the juvenile's probation. However, because the State sufficiently proved the lewd and lascivious exhibition offense that was alleged in the affidavit of violation, reinstatement of the juvenile's probation is unwarranted. Thomas v. State, 902 So.2d 900, 900 (Fla. 4th DCA 2005). On remand, the uncharged violation should be stricken from the order of revocation. Id.
The juvenile argues that the lewd and lascivious conduct offense was supported only by hearsay testimony. We disagree. The victim's hearsay testimony  recounted by two separate witnesses  was corroborated by direct evidence of the juvenile's behavior at the time of the incident, as well as of the victim's immediate reaction to that behavior. This was sufficient evidence from which the trial court found that the juvenile had violated his probation. See Russell v. State, 982 So.2d 642 (Fla.2008) (trial court correctly found defendant in violation of probation by considering more than just the victim's hearsay statement). Thus, the trial court did not abuse its discretion in revoking the juvenile's probation.
The errors in this case occurred in the disposition order rendered by the court. "A trial court's decision to depart from the DJJ's recommendation is reviewed under an abuse of discretion standard and must be supported by competent and substantial evidence." A.W. v. State, 862 So.2d 858, 859 (Fla. 4th DCA 2003). Although the trial court made a compelling case for the need of a structured environment, the court gave no explanation why the commitment level recommended by the DJJ was inadequate. See K.R.T. v. State, 928 So.2d 511, 512 (Fla. 1st DCA 2006) (reversing departure where the "evidence could not ... support a finding that moderate-risk residential placement would not suffice to control and rehabilitate appellant"). For this reason, we reverse the commitment to a high risk residential program.
Next, the juvenile correctly argues that the trial court did not have authority to order his placement in a sex offender program. While the conduct resulting in the violation of probation was of a sexual nature, the underlying offense was not. Therefore, the trial court erred in imposing this additional requirement in the disposition order. Cf. Sturges v. State, 980 So.2d 1108 (Fla. 4th DCA 2008) (reversing "for resentencing without sexual offender probation" and providing that the trial court "may impose probation and special conditions of probation which reasonably relate to the underlying charges").
Additionally, the trial court erred in requiring DNA testing of the juvenile. Section 943.325, Florida Statutes (2007), requires any person convicted of certain enumerated offenses to submit to DNA testing. This provision "applies to juvenile offenders as well as adults." A.M. v. State, 958 So.2d 461, 464 (Fla. 2d DCA 2007). The new law violations charged in the violation of probation affidavit are among those enumerated in the DNA statute. § 943.325(1) (conviction of offenses in chapter 800). However, the juvenile was not adjudicated delinquent of an enumerated *778 offense. He was adjudicated of the underlying charge of making a false fire alarm. This requirement must also be stricken from the disposition order.
Reversed in part, affirmed in part, and remanded.
STEVENSON and GROSS, JJ., concur.