PER CURIAM.
Maurice Walker appeals the trial court’s order revoking his probation and claims that several of the trial court’s findings rest upon legally insufficient grounds. The State properly concedes that one of the grounds supporting the probation violation order is insufficient but argues that the remaining violations being attacked on appeal were legally sufficient. For the reasons set forth below, we reverse and remand.
Walker previously pled no contest to several crimes and was sentenced to three years of probation. While out on probation, he was suspected of being involved in another crime and a warrant was issued for his arrest. Police officers observed his vehicle idling at a red light and attempted to initiate a traffic stop. When the officers activated their lights and sirens, Walker accelerated through the red light and began swerving in and out of traffic in an attempt to avoid capture. During the chase, Walker’s vehicle twice struck one of the pursuing patrol vehicles, ultimately causing Walker’s vehicle to lose control and crash into a median. Soon thereafter, Walker was apprehended.
The State filed an eight-count affidavit alleging that Walker violated his probation by committing various acts while attempting to escape the officers, including aggravated battery on a law enforcement officer with a deadly weapon, refusing to stop when ordered by law enforcement, resisting arrest with violence, disobeying a traffic control device, and possessing a firearm.
The State proceeded on these violations at the probation violation hearing. Walker *98 argued, inter alia, that a noncriminal traffic citation, i.e., disobeying a traffic control device, could not constitute grounds for a violation of probation. Further, he argued there was no evidence that Walker battered a police officer because no evidence was submitted by the State that the driver of the police cruiser was ever jostled, injured, or otherwise affected by the two collisions with Walker’s vehicle.
The trial court found that Walker willfully violated his probation by committing an aggravated battery against a law enforcement officer, refusing to stop when ordered, resisting arrest with violence, disobeying a traffic signal, and possessing a firearm. The court revoked Walker’s probation and imposed a sentence of five years in state prison with credit for time served. However, no written order on the probation violation was ever entered by the court.
On appeal, Walker first alleges that the trial court erred by finding that he violated his probation by committing a non-criminal traffic offense. After the chase, Walker was cited for running a red light in violation of section 316.075, Florida Statutes, (2012). While a trial court may properly find that a defendant violated his or her probation by committing a criminal traffic infraction, see, e.g., Cox v. State, 816 So.2d 160, 160-61 (Fla. 2d DCA 2002), a defendant may not be found to have violated probation for committing a non-criminal traffic violation absent a special condition of probation proscribing such conduct. Reyes v. State, 3 So.3d 1267, 1267 (Fla. 5th DCA 2009). A condition of probation that simply requires a probationer to “obey all laws” may not be used to support a revocation of probation in the case of a noncriminal traffic offense. See id.; accord State v. Sheehan, 167 Ariz. 370, 807 P.2d 538, 540 (1991). An order of probation stating that a defendant must not commit a new law violation must specifically include civil traffic citations within its terms before the court can properly consider it as a ground for revocation. See Reyes, 3 So.3d at 1267. Here, the conditions of Walker’s probation contained no express provision defining a civil traffic offense as a new law violation for the purpose of subjecting him to criminal sanctions. Therefore, the trial court erred in relying upon Walker’s traffic citation as grounds for revoking his probation.
The trial court also found that Walker violated his probation by committing a battery on a law enforcement officer when he struck the police car twice with his vehicle during the chase. Generally speaking, the circumstances of any given case will determine whether a vehicle is sufficiently closely connected to a person so that the striking of the vehicle would constitute a battery on that person. Clark v. State, 783 So.2d 967, 969 (Fla.2001). A sufficient connection exists where there is evidence of touching as required for a battery, evidence that the impact of the vehicles injured the occupants, or evidence that the collision caused the occupants to brace themselves, jostled them about, spun them, or moved them about within the vehicle. See Rosa v. State, 847 So.2d 495, 497 (Fla. 3d DCA 2003)(citing V.A. v. State, 819 So.2d 847, 849 (Fla. 3d DCA 2002)). Under some circumstances, it may be sufficient for the State to meet its burden of proof on this issue by demonstrating that the magnitude of the impact was so severe that it can be reasonably inferred that the occupants of the vehicle were indeed battered. V.A., 819 So.2d at 849.
At the revocation hearing, photographs were introduced into evidence that showed only minor damage to the exterior of the police vehicle. While there was evidence that a police dog was “injured” as *99 a result of Walker’s vehicle colliding with one of the officer’s police cruisers, the State presented no other testimony or evidence showing that the officer was physically affected in any way by the collision. The officer did testify that he was “scared” by the impact, but he also admitted that he suffered no physical injuries whatsoever as a result. Whether the officer was “jostled” as a result of his vehicle being struck twice is a matter of speculation. The State failed to present any competent evidence to satisfy its burden of proof on this charge. The officer testified that Walker’s vehicle “lost control” and “went over a little median.” There was no testimony presented that the officer’s car struck anything other than Walker’s vehicle during the pursuit. Thus, there was insufficient evidence presented at the hearing to support the trial court’s finding that Walker violated probation by committing a battery on a law enforcement officer. Cf. Yarn v. State, 106 So.3d 39, 40-41 (Fla. 2d DCA 2013)(testimony that impact threw police dog against the wall of his cage and officer against steering wheel was sufficient for court to find that a battery against the officer had occurred).[1]
On appeal, the State concedes that there was no competent substantial evidence presented at the revocation hearing showing that Walker ever possessed a firearm while on probation. Since the court found a violation of probation on this ground and considered same in its determination of Walker’s sentence, this was error.
Because it is unclear from the record whether or not the trial court would have revoked Walker’s probation- and sentenced him to five years of imprisonment solely based upon the remaining violations, we remand with instructions that the trial court reconsider Walker’s probation revocation and subsequent sentence, and then enter a written order consistent with this opinion. Brown v. State, 12 So.3d 877, 879-80 (Fla. 4th DCA 2009); see also Oertel v. State, 82 So.3d 152, 157 (Fla. 4th DCA 2012). We express no opinion as to what sentence, if any, Walker should receive on remand, and leave that issue to the trial court’s discretion. See Davis v. State, 474 So.2d 1246, 1246-47 (Fla. 4th DCA 1985); see also Figueroa-Montalvo v. State, 10 So.3d 173, 175-76 n. 3 (Fla. 5th DCA 2009).

Reversed and Remanded.

LEVINE, FORST, JJ., and KLINGENSMITH, MARK W., Associate Judge, concur.

. The record does not reflect that Walker was ever charged with a violation of probation related to an injury purportedly suffered by the police dog during the chase. The only battery charged by the State against Walker was allegedly committed against the law enforcement officer, not the police dog. This court has previously held that a battery to a police dog is separate and distinct as a matter of law from a battery on a police officer. Bass v. State, 791 So.2d 1124, 1124-25 (Fla. 4th DCA 2000). A revocation of Walker’s probation cannot be premised on an uncharged violation. Thomas v. State, 902 So.2d 900, 900 (Fla. 4th DCA 2005) (citing Ray v. State, 855 So.2d 1260, 1261 (Fla. 4th DCA 2003)).