DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MARGARET A. ANGLINPHILLIPS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-409

[January 7, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Bernard I. Bober, Judge; L.T. Case No. 00012191CF10A.

Carey Haughwout, Public Defender, and Tom Wm. Odom, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.

MAY, J.

A defendant appeals an order revoking her probation and consequent sentence. She argues the trial court erred in revoking her probation based solely on a non-criminal traffic violation. We agree and reverse.

The defendant was placed on probation for ten years after having been found guilty of embezzlement. The court ordered her to pay $438,000 in restitution. Her probation officer filed a violation of probation. The amended violation of probation alleged five counts related to the defendant's failure to pay restitution and other costs, three counts concerning traffic violations, and one count of failure to disclose contact with law enforcement to her probation officer.

The transcript from the final violation of probation hearing reveals that the defendant admitted to a non-criminal citation for driving while license suspended ("DWLS") and failing to report contact with law enforcement to her probation officer. This admission came after a lengthy discussion among defense counsel, the prosecutor, and the court regarding which allegations would be admitted in exchange for dismissal of other counts,

and a hearing on the restitution and other failure to pay allegations.

The testimony concerning restitution revealed that the defendant found the means to pay $30,000 in private school tuition for her daughter, but made only a few payments totaling less than $500 for restitution. The trial court could have violated the defendant on this allegation, but did not. The court found the defendant's failure to pay monetary obligations non-willful.

Having dismissed counts seven through nine, the court accepted the defendant's admission on count six only, and revoked her probation. The trial court then sentenced her to the minimum of 25.5 months in Florida State Prison.

The defendant now argues the trial court erred in revoking her probation based solely on a non-criminal traffic infraction. The State responds that the defendant knew that *any* violation of the law would lead to a revocation of probation based on the written terms of probation and that the non-criminal traffic infraction was a violation of the law.

We have previously held that probation may not be revoked based on "a non-criminal traffic violation absent a special condition of probation proscribing such conduct." *Walker v. State*, 120 So. 3d 96, 98 (Fla. 4th DCA 2013). That is precisely what occurred here. At one point, the defendant admitted not only the non-criminal DWLS, but also her failure to report contact with law enforcement to her probation officer. But, when the dust cleared, the only allegation the court relied upon, and for which she was sentenced, was a non-criminal traffic violation. This is insufficient to sustain a revocation of probation.

*Reversed and Remanded.*

GROSS and CIKLIN, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

2